## Fitzwater Trust

George V. Strong, Jr., for accountant.

ADJUDICATION BY TAXIS, J., JULY 23, 1981:

The account is filed because of the death of the life tenant, Evelyn Benn, on September 21, 1980. The trust now terminates. ***

The Attorney General of the Commonwealth of Pennsylvania, as *parens patriae* for the named charitable interest under the will, was notified of the audit and acknowledged receipt of notice by charitable gift clearance certificate dated June 19, 1981.

Decedent died on September 21, 1939, leaving a will dated September 13, 1939, wherein, by clause seventh, she created a residuary trust. Decedent directed that her residue be added to an inter vivos trust and that the income therefrom be paid to the Rector, Wardens and Vestrymen of St. Thomas' Protestant Episcopal Church in Whitemarsh, during the term of the natural life of Evelyn Benn, to be used by them for the comfortable maintenance of Evelyn Benn. Upon the death of the life tenant, the principal passes to the Rector, Church Wardens and Vestrymen of St. Thomas' Protestant Episcopal Church,

absolutely. Decedent provided, contingently, that, should her death occur within thirty days of the execution of the will, then the principal should be paid over to Nathanael B. Groton or to his estate if he be deceased.

By rider No. 2 to the petition for adjudication, accountant reports that Nathanael B. Groton was the rector of St. Thomas' Church at the time decedent executed her will and at her death. Nathanael B. Groton died November 9, 1965. By codicil dated March 19, 1958 to his will of February 23, 1958, Nathanael B. Groton bequeathed to St. Thomas' Church an amount equal to the net value of any bequest received under the will of this decedent, less any amount given to the Church by Nathanael B. Groton prior to his death. No bequest was ever received from this decedent's estate. The residuary estate of Nathanael B. Groton passed to his wife, Anna Heffern Groton.

At her death, the applicable statute was §6 of the Act of June 7, 1917, commonly called the "Mortmain Statute." This statute was succeeded by §7(1) of the Wills Act of 1947, and finally by §2507 of the Probate, Estates and Fiduciaries Code, which was repealed in 1976. In sum, the Mortmain Statute invalidated bequests or devises for charitable purposes included in a will or codicil executed with thirty days of the death of the testator.

In 1974, in *Cavill's Est.*, 459 Pa. 411, the Pennsylvania Supreme Court held the Mortmain Statute under the Wills Act of 1947 unconstitutional as violating the equal protection clauses of the 14th amendment of the Federal Constitution and Article III of the Pennsylvania Constitution. Accountant suggests that *Cavill's Est.*, supra, is applicable; that there is no substantial difference between the Act of 1917 and the Act of 1947; and that the reasoning of the *Cavill* court should be applied to find the Mortmain Statute under the Act of 1917 unconstitutional. The court finds that *Cavill Est.*, supra, is applicable and that, therefore, the principal of the trust passes to St. Thomas' Church. ***